# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

### CASE NO:

WENCONG JIANG, on behalf of himself
and all similarly situated individuals,

      Plaintiff(s),

      v.

ZKTECO USA LLC, a New Jersey
limited liability company, d/b/a NGTeco,
and GOFO, INC., a New York corporation,

      Defendants.
_____/

## CLASS ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, WENCONG JIANG ("Plaintiff"), by and through undersigned counsel, files this Class Action Complaint for Damages and Demand for Jury Trial against Defendants, ZKTECO USA LLC d/b/a NGTeco ("NGT"), and GOFO, INC. ("GOFO"), and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this class action for damages and other legal and equitable remedy resulting from the illegal actions of Defendants in collecting, obtaining, storing and/or using Plaintiff's, and other similarly situated individuals' biometric identifiers and biometric information (referred to collectively as "biometrics") without informed written consent in violation of the Illinois Biometric Information Privacy Act ("BIPA").

2.    The Illinois Legislature has determined that "[b]iometrics are unlike any other unique identifiers that are used to access finances or other sensitive information." 740 ILCS § 14/5I. "For example, social security numbers, when compromised, can be changed. Biometrics,

1

however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.* In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA.

3. "Biometrics" refers to technologies used to identify an individual based on unique physical characteristics. Common biometric identifiers include fingerprints, hand or face geometric scans, retina or iris scans, or voice scans, which are all generally obtained by first acquiring an image or photograph of the biometric identifier.

4. Unlike other identifiers like Social Security or credit card numbers, which can be changed if compromised or stolen, biometric identifiers linked to a specific finger or hand cannot. These unique and permanent biometric identifiers, once exposed, leave victims with no means to prevent identify theft and unauthorized tracking.

5. As expressed herein, BIPA is the result of an expressed fundamental public policy and legislative intent in Illinois to regulate the collection of biometric information. BIPA provides, inter alia, that private entities like Defendant may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS § 14/15(a) and (b).

6.     BIPA further states that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS § 14/15(c).

7.     Moreover, BIPA states that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless… the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure." 740 ILCS § 14/15(d)(1).

8.     In direct violation of the foregoing provisions of Section 15(a) of BIPA, Defendant, GOFO, failed to provide, publish, or otherwise make publicly available data retention policies.

9.     In direct violation of the foregoing provisions of Section 15(b) of BIPA, Defendants GOFO, and NGT, actively collected, stored, obtained, and used the biometrics of Illinois residents, including Plaintiff, without providing notice, or obtaining informed written consent.

10.     In direct violation of the foregoing provisions of Section 15(c) of BIPA, Defendant, NGT, actively sold, leased, traded, or otherwise profited from the biometrics of Illinois residents, including Plaintiff.

11.     In direct violation of the foregoing provisions of Section 15(d) of BIPA, Defendant, NGT, actively disclosed, redisclosed, or otherwise disseminated the biometrics of Illinois residents, including Plaintiff, without providing notice, or obtaining informed written consent.

12.     Specifically, during the relevant time period, Plaintiff and other similarly situated individuals in Illinois were required to scan their fingerprints on Defendant, NGT's biometric devices to keep track of the amount of time Plaintiffs were working for Defendant, NGT's customers in Illinois, including (but not limited to) Defendant, GOFO.

13.     Plaintiff brings this action on behalf of herself and a class of similarly situated individuals to prevent Defendants from further violating privacy rights and to recover statutory damages for Defendants' unauthorized collection, storage and use of Plaintiff's biometrics in violation of BIPA.

## PARTIES, JURISDICTION & VENUE

14.     Plaintiff is and has been at all relevant times, a resident and citizen of the State of Illinois. Plaintiff was employed by Defendant, GOFO, who utilized Defendant, NGT's biometric timekeeping devices during multiple workweeks in 2024 and 2025, at Defendant, GOFO's warehouse facility in Franklin Park, Illinois. Plaintiff was required to use his biometrics associated with his fingerprint to clock-in to work within the five (5) year period prior to the filing of this Complaint. Plaintiff never consented, agreed or gave permission – written or otherwise – to either of these Defendants for the collection, storage, sale, lease, disclosure, redisclosure, or dissemination of the biometric identifiers or biometric information associated with his fingerprints. Further, these Defendants never provided Plaintiff, nor did he ever sign a written release allowing these Defendants to collect, store, disclose, redisclose, or otherwise disseminate the biometric identifiers or biometric information associated with his fingerprints.

15.     Defendant, GOFO, is a New York corporation, and registered to do business in the State of Illinois, with its registered agent, Chuan Q. Zheng, located at 1055 Sesame Street, Franklin Park, Illinois 60131-1316. Defendant, GOFO, collected, obtained, and/or used the biometric information of Illinois residents at its place of business in Illinois and maintains such minimum contacts with Illinois to make this Court's exercise of jurisdiction proper. Defendant, GOFO, engages in continuous and systematic business operations or activities within Illinois and

maintained locations in the State, including within Franklin Park, Illinois, and Melrose Park, Illinois, within this judicial circuit.

16.     Defendant, NGT, is a New Jersey limited liability company, with its registered agent, Manish Dalal, located at 1600 Union Hill Road, Alpharetta, Georgia 30005. Defendant, NGT, while a New Jersey limited liability company, engages in business in Illinois and operates with Illinois companies by collecting and storing Illinois residents' biometric information in its server and database, sends its biometric devices into the State of Illinois, and acknowledges its required compliance with BIPA. Defendant, NGT, owns, operates, and/or controls several biometric devices which it has delivered to the State of Illinois which collected the biometric information of thousands of individuals in the State of Illinois within the past 5 years. Defendant, NGT, engages in continuous and systematic business operations or activities within Illinois and publicly acknowledges that it is subject to the laws of Illinois, including BIPA.

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

18.     This Court also has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a class action in which the Defendants are citizens of states different than Plaintiff and the other class members, and because the amount in controversy exceeds $5,000,000.00.

19.     No applicable statutory exception to jurisdiction exists.

20.     Venue is proper in this Court because Defendant, GOFO, maintains its place of business within this County, transacts substantial business within this County, and the events giving rise to this lawsuit occurred in substantial part within this County.

21.     Venue is proper in this Court because Defendant, NGT, engaged in substantial business within this judicial district, sent biometric devices into Franklin Park, Illinois, and elsewhere throughout the state, with the knowledge that they would be collecting biometric information from Illinois residents, and knew that the events giving rise to this lawsuit occurred in substantial part within this judicial district.

## NGT BIOMETRIC DEVICES

22.     Defendant, NGT, is a vendor of time and attendance solutions to employers and provides its Illinois-based clients with biometric timekeeping devices and services to perform workforce management services, such as timekeeping and work-scheduling services.

23.     In 2018, Defendant, NGT, established its biometric brand to focus on developing biometric time clocks for the workplace. Defendant, NGT's technology captures the biometric identifiers of its clients' employees and transmits information and data derived from those biometric identifiers directly to Defendant, NGT's cloud-based time and attendance systems. This information that Defendant, NGT, receives and possesses is generated and derived from the scanning of Plaintiff's and other Class Members' biometric identifiers. Thus, Defendant, NGT, obtains, collects, and possesses biometric information.

24.     In one of its publicly available online blogs dated October 10, 2025, Defendant, NGT, explained how its biometric time clocks work and claimed that its devices "identify dozens of unique points (minutiae) on a fingerprint and map the specific distances between them" and "[a]n algorithm converts these unique measurements into a secure, encrypted string of numbers." In its online blog, Defendant, NGT, refers to this encrypted string of numbers as "the biometric template."     *See*          *https://ngteco.com/blogs/news/are-biometric-time-clocks-*

*secure?srsltid=AfmBOorJnJ4Ys9vL_zXDXNKRcwv2xdd4zUKdwjsQuHUWB4mbpigOS4O3*.

(last visited October 21, 2025).

25.     Defendant, NGT, also maintains a Privacy Policy on its website, which as of the date of this filing, states that its biometric devices **collect** biometric identifiers derived from its users' facial geometry and/or fingerprints.

26.     Defendant, NGT's Privacy Policy further states that NGT **shares and/or sells** this biometric information to third-party payroll processors.

27.     Defendant, NGT's Privacy Policy expressly acknowledges the Illinois Biometric Information Privacy Act and NGT purports to comply with same (but does not).

28.     Notwithstanding *its own admitted collection* of biometric information from Illinois residents, Defendant, NGT, fails to obtain express written consent from users prior to obtaining, collecting and/or disseminating their biometric information and/or biometric identifiers.

29.     Defendant, NGT, markets its biometric time clocks to employers in Illinois as superior options to traditional time clocks. By marketing its biometric time clocks in this manner, Defendant, NGT, obtains competitive advantage over other time clock companies and secures profits from its use of biometric data, all while failing to comply with the minimum requirements for handling employees' biometric data established by BIPA.

30.     Defendant, NGT, advertises the biometric devices it sells and/or leases to Illinois businesses as being capable of storing up to 1,000 different fingerprints.

31.     During the relevant time period, Defendant, NGT, sent multiple biometric devices into the State of Illinois with the knowledge that these devices would be capturing, obtaining, using, and/or collecting biometric information from Illinois residents.

32.     When an employee first begins work at an Illinois company that uses one of Defendant, NGT's biometric devices, the employee is required to scan their fingerprint into the NGT biometric device in order to create a biometric template and enroll them in Defendant, NGT's database.

33.     Defendant, NGT, then stores the template of the biometric information and/or identifiers of Illinois residents in its database so that Illinois employers can access the biometric information to use this information for payroll and attendance confirmation.

34.     When an Illinois resident employed by a company in Illinois scans its biometric information into Defendant, NGT's biometric device, NGT becomes aware that it is in the possession of Illinois residents' biometric information.

## GOFO REQUIRES PLAINTIFF TO USE NGT BIOMETRIC DEVICES

35.     Defendant, GOFO, specializes in "last-mile delivery services across the United States" and strives to "meet the dynamic needs of e-commerce and local businesses by combining advanced technology with a customer-centric approach." *See* https://gofoexpress.com/about.html (last visited October 21, 2025).

36.     Defendant, GOFO, operated during the relevant period in Illinois from a warehouse facility in Franklin Park and recently relocated to a warehouse facility in Melrose Park.

37.     On December 2, 2024, Defendant, GOFO, hired Plaintiff to work as a warehouse head at its facility in Franklin Park, Illinois. Plaintiff's employment with Defendant, GOFO, ended on September 12, 2025.

38.     During the 5 years preceding the filing of this lawsuit, Defendant, GOFO, employed hundreds of individuals, including Plaintiff, and required these individuals to scan their

fingerprints onto NGT biometric timekeeping devices to keep track of the amount of time these employees worked and to keep track of the identities of individuals present at the facilities.

39. During the 5 years preceding the filing of this lawsuit, Defendant, GOFO, also required hundreds of outside contractors, workers, and vendors who accessed the warehouse to scan their fingerprints onto NGT biometric timekeeping devices in order to keep track of the identities of individuals present at the facility and time and day on which these individuals accessed the facilities.

40. Defendant, GOFO, required Plaintiff and other employees, workers, and contractors to scan their fingerprints onto NGT Biometric Fingerprint Time Clocks (hereinafter "the Time Clocks").

41. Plaintiff and the GOFO Class were all individuals who were physically present at Defendant, GOFO's facilities in Franklin Park, Illinois, and Melrose Park, Illinois, during periods of time within the past five (5) years who were required to scan their fingers on the Time Clocks.

42. During periods of time within the past 5 years, Defendant, GOFO, received, maintained and installed *at least* 4 NGT Biometric Fingerprint Time Clocks due to the volume of individuals whose biometrics were obtained and collected by the Defendants.

43. Defendant, GOFO, owned and/or leased and operated the Time Clocks from Defendant, NGT.

44. The Time Clocks function by scanning and identifying unique points referenced on an individual's finger, and an algorithm converts these points into a mathematical template.

45. BIPA expressly includes within the definition of "biometric information" "any information based on a biometric identifier, regardless of how it is converted or stored," thereby encompassing mathematical templates derived from unique points on an individual's fingerprint.

9

46.     As such, the NGT biometric Time Clocks, which derive a mathematical template from fingerprints, which are biometric identifiers, function by collecting, storing, and using biometrics.

47.     During all times material hereto, both Defendants possessed ability to, and did, access, manipulate, and maintain information stored on or collected by the Time Clocks.

48.     According to Defendant, NGT, the Time Clocks provide local storage on the device itself and cloud-based storage for the biometric information.

49.     Defendants both stored all data from the Time Clocks, including the biometrics of Plaintiff and the Classes on their own servers and/or cloud storage systems and devices.

50.     By storing biometrics on their own servers and/or cloud-storage systems and devices, Defendants jointly possessed Plaintiff's and the Class Members' biometrics.

51.     The Time Clocks therefore require the collection and possession of biometric data points constituting the fingerprints of its users.

52.     The act of scanning employees' and contractors' fingerprints, collecting biometric data points, and storing those biometrics in a device, facility, or server, exposes these individuals' sensitive personal data to privacy risks.

53.     For example, if the Time Clocks, facility, servers, or cloud storage system become compromised through a data security breach, sensitive personal information based on the scans of these employees' fingerprints could be used to steal their identities or to track them.

54.     Defendants never informed Plaintiff of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendants obtain a written consent or release from Plaintiff for the collection, storage,

dissemination or use of the biometric identifiers or biometric information associated with his fingerprint.

55.     In violation of Section 15(a) of BIPA, Defendant, GOFO, did not have written, publicly available policies identifying their retention schedules or guidelines for permanently destroying users' biometric identifiers or information.

56.     In violation of Section 15(b) of BIPA, Defendants, GOFO and NGT, never provided Plaintiff nor did Plaintiff ever sign, a written release allowing Defendants to collect, store, or use the biometrics associated with his fingerprint.

57.     In violation of Section 15(c) of BIPA, Defendant, NGT, sold, leased, traded, or otherwise profited from Plaintiff's biometrics.

58.     In violation of Section 15(d) of BIPA, Defendant, NGT, disclosed, redisclosed, or otherwise disseminated Plaintiff's biometrics without providing notice or obtaining consent.

59.     Defendants' actions violate the Plaintiff's statutory privacy rights under BIPA.

60.     Defendant, GOFO, did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying users' biometric identifiers or information prior to collecting the information.

61.     Plaintiff has been required to retain the undersigned counsel to protect and enforce his rights under BIPA and is therefore entitled to recover reasonable attorney's fees and costs.

## CLASS ALLEGATIONS

62.     Class Definitions: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of two (2) classes of similarly situated individuals, defined below:

> **GOFO Class: All individuals who resided in Illinois within the past 5 years who had their biometric identifiers, including "fingerprints" collected, capture, received, used or otherwise obtained by Defendant, GOFO, in the State of Illinois.**

**NGT Class: All individuals who resided in Illinois within the past 5 years who had their biometric identifiers, including "fingerprints" collected, captured, received, used, or otherwise obtained by Defendant, NGT, in the State of Illinois on an NGT biometric device.**

63.     The following are excluded from the Classes: (1) any Judge presiding over this action and members of his or her family; (2) persons who properly executed and file a timely request for exclusion from the Classes; (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (4) Plaintiff's counsel and Defendant's counsel; and (6) legal representatives, successors, and assigns of any such excluded persons.

64.     **Numerosity**: The number of persons within each Class is substantial and is believed to amount to hundreds of people.  It is, therefore, impractical to join each member of the Classes as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Classes renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

65.     **Commonality and Predominance**:  There are well-defined common questions of facts and law that exist as to all members of the Classes and that predominate over any questions affecting only individual members of the Classes.  These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

(a)     whether Defendants collected or otherwise obtained Plaintiff's and the Classes' biometric identifiers or biometric information;

(b)      whether Defendants properly informed Plaintiff and the Classes that it collected, used, and stored their biometric identifiers or biometric information;

(c)      whether Defendants obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, and store Plaintiff's and the Classes' biometric identifiers or biometric information;

(d)      whether Defendant, GOFO, developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e)      whether Defendants used Plaintiffs' and the Class's biometric identifiers or biometric information to identify them; and

(f)      whether Defendants' violations of the BIPA were committed intentionally, reckless, or negligently.

66.      **Adequate Representation**:   Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex employment and privacy class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action and have previously been named class counsel in other BIPA class actions.  Neither Plaintiff nor his counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Classes. Plaintiff is able to fairly and adequately represent and protect the interests of such Classes. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes, and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Classes or additional claims as may be appropriate.

67.     **Superiority:**   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Classes could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes.  Plaintiffs anticipate no difficulty in the management of his action as a class action.  Class wide relief is essential to compel compliance with the BIPA.

### COUNT I – VIOLATION OF 740 ILCS 14/15(a) FOR FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE
### (On Behalf of Plaintiff and the GOFO Class)

68.     Plaintiff hereby incorporates the allegations within paragraphs 1-67 as though fully set forth herein.

69.     Defendant, GOFO, is a New York corporation that is registered to do business and engages in business in Illinois, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

70.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the

company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

71.     As a private entity covered under BIPA, Defendant, GOFO, failed and continues to fail to comply with these BIPA mandates.

72.     Plaintiff and members of the putative class are individuals who had their "biometric identifiers" collected by Defendant, as explained in detail above. *See* 740 ILCS § 14/10.

73.     Plaintiff's and putative class members' biometric identifiers were used to identify Plaintiffs and, therefore, constitute "biometric information" as defined by BIPA. *See* ILCS § 14/10.

74.     Defendant, GOFO, failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

75.     Defendant, GOFO, likewise failed to comply or adhere to any such retention schedule or otherwise delete the biometric information it collected as required under BIPA.

76.     Defendant, GOFO, lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the GOFO Class's biometric data and have not and will not destroy Plaintiffs' and the GOFO Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

77.     On information and belief, Defendant, NGT, advised Defendant, GOFO, of its obligation to comply with BIPA but Defendant, GOFO, nevertheless failed to comply with its requirements and therefore committed intentional violations of the law.

78.     On behalf of himself and the GOFO Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the

15

GOFO Class by requiring Defendant, GOFO, to comply BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### COUNT II – VIOLATION OF 740 ILCS 14/15(b) FOR FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION
#### (On Behalf of Plaintiff and the GOFO Class)

79.     Plaintiff incorporates the allegations within paragraphs 1-67 as though fully set forth herein

80.     Defendant, GOFO, is a New York corporation that is registered to do business and engages in business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

81.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject… in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject… in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" *See* 740 ILCS § 14/15(b).

82.     Defendant, GOFO, failed and still fails to comply with these BIPA mandates.

83.     Plaintiff and members of the putative class are individuals who have had their "biometric identifiers" collected by Defendant, GOFO, as explained in detail above. *See* 740 ILCS § 14/10.

84.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitutes "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

85.     Defendant, GOFO, systematically and automatically collected, used, stored, and disseminated Plaintiff's and the GOFO Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

86.     Defendant, GOFO, never informed Plaintiff and the GOFO Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant, GOFO, inform Plaintiff and the GOFO Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

87.     By collecting, storing, using and disseminating Plaintiff's and the GOFO Class' biometric identifiers and biometric information as described herein, Defendant, GOFO, violated Plaintiff's and the GOFO Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, et. seq.

88.     On information and belief, Defendant, NGT, advised Defendant, GOFO, of its obligation to comply with BIPA but Defendant, GOFO, nevertheless failed to comply with its requirements and therefore committed intentional violations of the law.

89.     On behalf of themselves and the GOFO Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the

GOFO Class by requiring Defendant, GOFO, to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### COUNT III – VIOLATION OF 740 ILCS 14/15(b) FOR FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION
**(On Behalf of Plaintiff and the NGT Class)**

90.     Plaintiff incorporates the allegations within paragraphs 1-67 as though fully set forth herein

91.     Defendant, NGT, is a New Jersey limited liability company that engages in regular business in Illinois and sends its biometric devices into Illinois to collect biometric information from Illinois residents, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

92.     BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject… in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject… in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" *See* 740 ILCS § 14/15(b).

93.     Defendant, NGT, failed and still fails to comply with these BIPA mandates.

94.     Plaintiff and members of the NGT Class are individuals who have had their "biometric identifiers" collected by Defendant, NGT, as explained in detail above. *See* 740 ILCS § 14/10.

95.     Plaintiff's and the NGT Class's biometric identifiers were used to identify them and, therefore, constitutes "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

96.     Defendant, NGT, systematically and automatically collected, used, stored, and disseminated Plaintiff's and the NGT Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

97.     Defendant, NGT, never informed Plaintiff and the NGT Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant, NGT, inform Plaintiff and the NGT Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS § 14/15(b)(1)-(2).

98.     By collecting, storing, using and disseminating Plaintiff's and the NGT Class's biometric identifiers and biometric information as described herein, Defendant, NGT, violated Plaintiff's and the NGT Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, et. seq.

99.     Defendant, NGT's online blogs and Privacy Policy show that they were expressly aware of BIPA (and mention it by name) but nevertheless failed to comply with its requirements and therefore committed intentional violations of the law.

100.    On behalf of himself and the NGT Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the NGT

Class by requiring Defendant, NGT, to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## COUNT IV – VIOLATION OF 740 ILCS 14/15(c) FOR SELLING, LEASING, TRADING AND/OR PROFITING FROM BIOMETRIC IDENTIFIERS OR INFORMATION
### (On Behalf of Plaintiff and the NGT Class)

101.    Plaintiff incorporates the allegations within paragraphs 1-67 as though fully set forth herein

102.    Defendant, NGT, is a New Jersey limited liability company that engages in regular business in Illinois and sends its biometric devices into Illinois to collect biometric information from Illinois residents, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

103.    Section 15(c) of BIPA prohibits a private entity in possession of biometric identifiers or biometric information from selling, leasing, trading, or otherwise profiting from the biometric identifiers or biometric information without consent from the person whose biometric identifiers or biometric information is at issue. 740 ILCS § 14/15(c).

104.    Defendant, NGT, failed and still fails to comply with these BIPA mandates.

105.    More specifically, Defendant, NGT's privacy policy states that it does not sell biometrics to third parties "**except** for payroll processors (e.g., ADP, Workday) via encrypted API" (emphasis added). Accordingly, Defendant, NGT, sells, leases, trades, or otherwise profits from biometric identifiers from the person whose biometric identifiers or biometric information is at issue.

20

106. Plaintiff and members of the NGT Class are individuals who have had their "biometric identifiers" collected and leased, sold, or traded by Defendant, NGT, as explained in detail above. *See* 740 ILCS § 14/10.

107. Plaintiff's and the NGT Class's biometric identifiers were used to identify them and, therefore, constitutes "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

108. Defendant, NGT, systematically and automatically collected, used, stored, and sold, leased, traded, or otherwise profited from Plaintiff's and the NGT Class's biometric identifiers and/or biometric information.

109. Defendant, NGT, never informed Plaintiff and the NGT Class in writing that their biometric identifiers and/or biometric information were being sold, leased, traded, or otherwise used to obtain profit.

110. By selling, leasing, trading, or otherwise profiting from Plaintiff's and the NGT Class's biometric identifiers and biometric information as described herein, Defendant, NGT, violated Plaintiff's and the NGT Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, et. seq.

111. Defendant, NGT's online blogs and Privacy Policy show that they were expressly aware of BIPA (and mention it by name) but nevertheless failed to comply with its requirements and therefore committed intentional violations of the law.

112. On behalf of himself and the NGT Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the NGT Class by requiring Defendant, NGT, to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA

pursuant to 740 ILCS § 14/20(2), or, in the alternative, statutory damages of $1,000 for each

negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorney's fees

and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

### COUNT V – VIOLATION OF 740 ILCS 14/15(d) FOR FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE DISCLOSING BIOMETRIC IDENTIFIERS OR INFORMATION
### (On Behalf of Plaintiff and the NGT Class)

113.    Plaintiff incorporates the allegations within paragraphs 1-67 as though fully set

forth herein

114.    Defendant, NGT, is a New Jersey limited liability company that engages in regular

business in Illinois and sends its biometric devices into Illinois to collect biometric information

from Illinois residents, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

115.    Section 15(d) of BIPA prohibits a private entity in possession of biometric

identifiers or biometric information from disclosing or redisclosing the biometric identifiers or

biometric information without consent from the person whose biometric identifiers or biometric

information is at issue. 740 ILCS § 14/15(d).

116.    Defendant, NGT, failed and still fails to comply with these BIPA mandates.

117.    More specifically, Defendant, NGT's privacy policy states that it does not share

biometric with third parties "**except** for payroll processors (e.g., ADP, Workday) via encrypted

API." Accordingly, Defendant, NGT, discloses biometric identifiers from the person whose

biometric identifiers or biometric information is at issue.

118.    Plaintiff and members of the NGT Class are individuals who have had their

"biometric identifiers" collected and shared by Defendant, NGT, as explained in detail above. *See*

740 ILCS § 14/10.

119.    Plaintiff's and the NGT Class's biometric identifiers were used to identify them and, therefore, constitutes "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

120.    Defendant, NGT, systematically and automatically collected, used, stored, and disseminated Plaintiff's and the NGT Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

121.    Defendant, NGT, never informed Plaintiff and the NGT Class in writing that their biometric identifiers and/or biometric information were being disclosed or disseminated.

122.    By disclosing and/or disseminating Plaintiff's and the NGT Class's biometric identifiers and biometric information as described herein, Defendant, NGT, violated Plaintiff's and the NGT Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, et. seq.

123.    Defendant, NGT's online blogs and Privacy Policy show that they were expressly aware of BIPA (and mention it by name) but nevertheless failed to comply with its requirements and therefore committed intentional violations of the law.

On behalf of himself and the NGT Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the NGT Class by requiring Defendant, NGT, to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, WENCONG JIANG, on behalf of himself and the proposed Classes, respectfully requests that this Court enter an Order:

(A)     Certifying this case as a class action on behalf of the Classes above pursuant to Fed. R. Civ. P. 23, appointing Plaintiff as representative of the class, and appointing Plaintiff's counsel as Class Counsel;

(B)     Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/1 *et seq.;*

(C)     Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

(D)     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia,* an order requiring Defendants to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

(E)     Awarding Plaintiffs and the Class their reasonable litigation expenses and attorney's fees;

(F)     Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

(G)     Awarding such other and further relief as equity and justice may require.

**JURY TRIAL DEMAND**

Plaintiff, WENCONG JIANG, demands a trial by jury on all issues so triable.

Dated: October 21, 2025.

Respectfully Submitted,

USA EMPLOYMENT LAYWERS
JORDAN RICHARDS PLLC
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff and Putative Class*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923
jordan@jordanrichardspllc.com


VINCIT LAW, P.C.
1 Sansome Street, Suite 3500
San Francisco, California 94104
Ph: (415) 677-4497
*Counsel for Plaintiff*

By: */s/ Shanshan Zou*
SHANSHAN ZOU, ESQUIRE
California Bar No. 263214
Pro Hac Vice Pending
sszlaw@mercalaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed through CM/ECF and served on all parties below on October 21, 2025.


By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Illinois Bar No. 6328923

## SERVICE LIST: